NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN (Cal. SBN 256189)
Assistant United States Attorney
Chief, Riverside Branch Office
     3403 10th Street, Ste. 200
     Riverside, California 92501
     Telephone: (951) 276-6945
     Facsimile: (951) 276-6202
     Email: Joseph.Widman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>               v.<br><br>ERIC HOWARD,<br><br>            Defendant. | No. ED CR 96-34-RT<br><br>NOTICE OF FILING OF CONSENT TO TRANSFER OF CASE FOR PLEA AND SENTENCE PURSUANT TO RULE 20 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE; EXHIBITS A AND B<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br>Location:     N/A |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph B. Widman, hereby files this notice of filing of Consent to Transfer of Case for Plea and Sentence (Under Rule 20) (Court Form USA-153) (the "Rule 20 Consent Form"), pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

A copy of the fully executed Rule 20 Consent Form is attached as Exhibit A. A copy of the parties' plea agreement in this case is attached as Exhibit B.[1]

The government submits that it has fully complied with the requirements set forth in Rule 20(a) and that, as a result, pursuant to Rule 20(b), the Central District of California clerk's office is required to "send the file, or a certified copy, to the clerk in the

///

///

---

[1] Rule 20 provides in relevant part as follows:

**Rule 20. Transfer for Plea and Sentence**

**(a) Consent to Transfer.** A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:

    (1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and

    (2) the United States attorneys in both districts approve the transfer in writing.

**(b) Clerk's Duties.** After receiving the defendant's statement and the required approvals, the clerk where the indictment, information, or complaint is pending must send the file, or a certified copy, to the clerk in the transferee district.

2

transferee district," which in this case is the U.S. District Court for the Eastern District of New York.

Dated: August 1, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ J B Widman*

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Exhibit A

USA-153Consent to Transfer of Case for Plea and Sentence (Under Rule 20)

In the United States District Court

for the CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

ERIC HOWARD

CRIMINAL NUMBER:

ED CR 96-34-RT

Consent to Transfer of Case for Plea
and Sentence
*(Under Rule 20)*

I, ERIC HOWARD, defendant, am aware that an indictment is pending against me in the above designated cause. I wish to plead GUILTY to the offense charged in Count One of the indictment, to consent to disposition of the case in the EASTERN District of NEW YORK in which I, ERIC HOWARD, am present and to waive trial in the above captioned District.

Dated: July 20th 2018 at 11am

_(signature)_
(Defendant)

_(signature)_
(Witness)

_(signature)_
(Counsel for Defendants)

_(signature)_
(Assistant United States Attorney)

Approved

_(signature)_
Nicola T. Hanna
United States Attorney for the
CENTRAL
District of
CALIFORNIA

_(signature)_
Richard P. Donoghue
United States Attorney for the
EASTERN
District of
NEW YORK

Exhibit B

ALB:CPK
F#2018R01139

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ERIC HOWARD,

            Defendant.

- - - - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

___ CR ___ (___)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ERIC HOWARD (the "defendant") agree to the following:

1. This constitutes the plea agreement between defendant and the United States Attorney's Office for the Central District of California ("the USAO") in Case No. 5:96-cr-00034-RT, U.S. District Court for the Central District of California. This plea agreement is being filed in this district for purposes of permitting defendant to enter a guilty plea in this district pursuant to Fed. R. Crim. P. 20. All rights or powers of the USAO under this agreement may be exercised on behalf of the USAO by the Office. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2. The defendant will plead guilty to Count One of the indictment, charging a violation of 18 U.S.C. § 287. The count carries the following statutory penalties:

a. Maximum term of imprisonment: 5 years
(18 U.S.C. § 287).

b. Minimum term of imprisonment: N/A

c. $50 special assessment
(18 U.S.C. § 3013).

d. Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3))

e. Restitution: Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with that count. The parties currently believe that the applicable amount of restitution is approximately $23,460.00, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

d. Other penalties: Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

3. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a)

2

to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines (specifically, the November 1, 1995 edition of the Guidelines) to be 13, which is predicated on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level (§ 2F1.1) | 6 |
| Plus: Loss > $120,000 (§ 2F1.1(b)(1)(H)) | +7 |
| Total: | 13 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 11 and a range of imprisonment of 8 - 14 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

4. The Guidelines estimate set forth in paragraph 3 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be

3

entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

5. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 14 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 2 and 6(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

6. The Office agrees that:

   a. at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Office, it will

4

   b. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 6(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 3 above; and (b) the provisions of paragraphs 6(a)-(b).

   7. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

   8. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
       July 18, 2018

                RICHARD P. DONOGHUE
                United States Attorney
                Eastern District of New York

By: _____
    Charles P. Kelly
    Assistant United States Attorney

Approved by: _____
Supervising Assistant U.S. Attorney


NICOLA T. HANNA
United States Attorney
Central District of California

By: _____
    JOSEPH B. WIDMAN
    Assistant United States Attorney


I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ERIC HOWARD
Defendant

Approved by: _____
JIM DRUKER
Counsel to Defendant

6